UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br>B. & J. MARTIN, INC., AS OWNER AND<br>OPERATOR OF THE M/V MEGAN JOLIE | CIVIL ACTION<br>20-2360<br>SECTION I |

**ORDER AND REASONS**

Before the Court is a "Verified Complaint for Exoneration from or Limitation of Liability",[1] filed by B. & J. Martin, Inc. ("B&J Martin" or "petitioner") pursuant to 46 U.S.C. § 30501 *et seq*. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"). The Court construes B&J Martin's complaint and attached documents, specifically the attached "*Ad Interim* Stipulation for Value"[2] ("Stipulation") as a motion to approve security and initiate limitation concursus. For the following reasons, the Court dismisses the motion without prejudice.

I.

B&J Martin's Stipulation asks the Court to accept as security a promise that B&J Martin will either (1) "pay into the Court, whenever the Court shall so order, the amount of value of Petitioner's interest in the vessel M/V MEGAN JOLIE and its pending freight, if any, at the termination of the voyage as aforesaid, in addition to the applicable interest rate per annum from the date hereof"; (2) "file in this proceeding a bond with approved surety in the usual form and set amount, with

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 1-2.

interest at the applicable interest rate per annum from the date hereof"; or (3) "will file a Letter of Undertaking[.]"[3] The Stipulation adds that "pending the payment of the amount of Petitioner's interest in the vessel and her pending freight, if any, or the giving of a Stipulation for Value therefore, this [Stipulation] shall stand as security for all claims files in this proceeding."[4]

B&J Martin's request is troubling in two respects. First, "a promise to provide the required funds or to obtain a *future* bond or Letter of Undertaking is not adequate security under Admiralty Rule F(1)." *In the Matter of Adriatic Marine, LLC*, 20-1488, R. Doc. No. 3 (E.D. La. May 27, 2020) (Barbier, J.) (emphasis added). B&J Martin's Stipulation identifies no independent surety that would guarantee payment.[5] B&J Martin must, at the very least, provide a valid Letter of Undertaking (LOU) or similar assurance from an independent surety before this Court will approve such a motion and initiate a limitation concursus. *See Adriatic Marine*, No. 20-1488 (adopting a similar position); *Paradise Family*, 2020 WL, at *2 (noting the absence of an LOU and that "LOUs are customarily offered by petitioners who opt to post security in lieu of depositing cash into the court's registry"). No such LOU is before the Court.[6]

---

[3] *Id.*
[4] *Id.*
[5] R. Doc. No. 1-2; *see Matter of Paradise Family, LLC*, No. 20-1452, 2020 WL 3512809, at *2 (M.D. Fla. June 29, 2020) (denying a motion to approve a similarly deficient interim stipulation and gathering cases approving *ad interim* stipulations supported by independent sureties); *Matter of Stoughton*, No. 20-725, 2020 WL 2557332, at *1 (W.D. Wash. May 20, 2020) ("Security may be in the form of deposit cash, a bond, or a stipulation backed up by insurance.").
[6] R. Doc. No. 1-2.

Secondly, the Stipulation is signed only by *counsel for* B&J Martin.[7] A "[s]ecurity signed only by counsel, without any evidence counsel has been given specific authority to bind [B&J Martin] to the obligations contained" in the security, does not provide adequate assurance to justify the Court's creation of a limitation concursus. *Adriatic Marine*, 20-1488, at R. Doc. No. 3 (reaching a similar conclusion).

## II.

Accordingly,

**IT IS ORDERED** that B&J Martin's motion[8] is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, August 27, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Id.*
[8] R. Doc. Nos. 1 & 1-2.